IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


HAROLD PATE,
        Petitioner,

vs.                                          Case No.:  5:13cv207/MMP/EMT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus and supporting memorandum, filed under 28 U.S.C. § 2254 (docs. 1, 6).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 10).  Petitioner filed responses in opposition to the motion (docs. 16, 20).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 10).[1]
Following a jury trial in the Circuit Court in and for Holmes County, Florida, Case No. 2006-CF-222,

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 10) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Petitioner was found guilty of one count of lewd or lascivious conduct (Ex. C at 67, Ex. D).  On May 16, 2007, the court sentenced Petitioner to a term of fifteen (15) years of imprisonment, with pre-sentence jail credit of twenty-three (23) days (Ex. C at 83–86, 115–25).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-5432 (Ex. E).  Petitioner's counsel filed a brief, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (*id.*).  The First DCA affirmed the conviction per curiam without written opinion on October 31, 2008, with the mandate issuing November 26, 2008 (Exs. F, G).  <u>Pate v. State</u>, 993 So. 2d 521 (Fla. 1st DCA 2008) (Table).

While Petitioner's direct appeal was pending, he filed a motion for mitigation of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. C at 89–91, Ex. H).  The trial court denied the motion on August 20, 2007 (Ex. C at 92, Ex. I).

On August 30, 2010, Petitioner, though counsel, filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. K at 1–18).  The state circuit court summarily denied the motion in an order rendered June 8, 2012 (*id.* at 239–44).  Petitioner appealed the decision to the First DCA, Case No. 1D12-3739 (Ex. L).  The First DCA affirmed the decision per curiam without written opinion on December 3, 2012, with the mandate issuing January 29, 2013 (Exs. N, Q).  <u>Pate v. State</u>, 194 So. 3d 1091 (Fla. 1st DCA 2012) (Table).

Petitioner filed the instant habeas action on May 24, 2013 (doc. 1 at 1, 24).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 10 at 4). Applying the finality trigger of § 2244(d)(1)(A), the statute of limitations began to run on January 31, 2009, the day after the 90-day period for Petitioner to seek certiorari review in the Supreme Court expired.[2] *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until January 31, 2010, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner filed his Rule 3.850 motion on August 30, 2010. However, that motion did not toll the federal limitations period, because the limitations period had already expired on January 31, 2010. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on January 30, 2009.

petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, statutory tolling does not save Petitioner's federal petition from dismissal.

Petitioner contends he is entitled to equitable tolling of the limitations period based upon negligence and ineffectiveness of his post-conviction counsel, Mr. Davis (docs. 16, 20). Petitioner alleges his mother retained Mr. Davis before his conviction became final, and he was retained to file a "timely and effective" Rule 3.850 motion (doc. 16 at 2–7; doc. 20 at 2–7). Petitioner alleges on February 4, 2009, Mr. Davis wrote him a letter advising that there may be grounds for a Rule 3.850 motion based upon the State's amending the charging document just before trial (doc. 20, Ex. B). Mr. Davis' letter requested Petitioner to advise him if trial counsel obtained any continuances during trial, or if Petitioner ever waived his speedy trial rights (*id.*). The letter closed, "I need a prompt reply." (*id.*). Petitioner alleges seven (7) months later, on September 18, 2009, Mr. Davis sent him a letter advising that he could not identify any viable issues to raise in a Rule 3.850 motion (doc. 20 at 4, Ex. A). Mr. Davis advised Petitioner that unless Petitioner provided additional information suggesting the existence of a viable claim, he would not proceed with filing the post-conviction motion (doc. 20, Ex. A). Petitioner alleges by that time (September of 2009), he had only one month remaining on his federal deadline,[3] and it was "impossible" for him to file a state tolling motion in such a short amount of time (doc. 20 at 4–5). Petitioner states Mr. Davis eventually filed a timely Rule 3.850 motion on August 30, 2010, but Davis delayed until "virtually the last minute," and in doing so allowed the federal deadline to expire (doc. 16 at 2–3).

Section 2244(d) is subject to equitable tolling. *See* Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir 2011). Equitable tolling is a rare and extraordinary remedy. *See* San Martin, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. 649 (citation and internal quotation marks omitted). The extraordinary circumstances must be circumstances beyond the petitioner's control. *See* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir.

---

[3] Petitioner's calculation of the federal deadline is erroneous. He calculates his "finality" date as October 31, 2008, the date of the First DCA's decision, but it was actually 90 days after that date, or January 31, 2009.

2009).  Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition.  *See* <u>San Martin</u>, 633 F.3d at 1267.  The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

The Supreme Court has rejected the contention that counsel's mistake in miscalculating the federal limitations period entitles a petitioner to equitable tolling.  *See* <u>Lawrence v. Florida</u>, 549 U.S. 327, 336–37, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007).  Specifically, the Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Id.*

In <u>Holland</u>, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling.  560 U.S. at 652.  The defendant in <u>Holland</u> filed a pro se federal habeas petition after the filing deadline had already passed, but he contended that the statute of limitations should have been equitably tolled.  *Id.* at 635.  In support, he alleged that, during the two years while his state habeas petition was pending before the Florida Supreme Court, his attorney, Mr. Collins, communicated with him only three times, and each time only by letter.  *Id.* at 635–36.  During this time, Mr. Collins never met with him or updated him on the status of his case.  *Id.*  After Collins argued Holland's appeal before the state supreme court, Holland wrote him multiple letters regarding the importance of filing his federal habeas petition timely.  *Id.* at 637–39.  Despite Holland's attempts to communicate, Mr. Collins ultimately missed the filing deadline for his federal habeas petition.  *Id.* at 638–39.  Once Holland learned—in the prison library, not from his attorney—that the Florida Supreme Court had already decided his case and the federal filing deadline had passed, he immediately filed his own pro se federal habeas petition.  *Id.* at 639.

While the Supreme Court reiterated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," it concluded that Holland had not presented such a "garden variety claim."  560 U.S. at 651–52 (internal quotation marks omitted).  Rather, the facts of Holland's case presented "far more serious instances of attorney misconduct." *Id.*  The Court found that, while Mr. Collins' failure to

timely file Holland's federal habeas petition and his apparent unawareness of the filing deadline date suggested simple negligence, that did not mark the end of Collins' failures:

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 652. Further, during his state post-conviction proceedings, Holland had unsuccessfully sought to discharge his attorney, complaining to the Florida Supreme Court that there had been "a complete breakdown in communication," that counsel had "not kept him updated on the status of his capital case," and that counsel had "abandoned" him. *Id.* at 636–37 (quotation marks and brackets omitted). The Court concluded that under the circumstances, Mr. Collins' misconduct may have constituted extraordinary circumstances warranting equitable tolling, and remanded the case for such a determination. *Id.* at 652.

Two years later in <u>Maples v. Thomas</u>, 132 S. Ct. 912 (2012), the Supreme Court revisited the question of when attorney misconduct may rise to the level of "extraordinary circumstances beyond a [petitioner's] control," albeit in the context of what it takes to establish cause to excuse a state procedural bar to federal habeas relief. *Id.* at 924. The petitioner in <u>Maples</u> was an Alabama death-row inmate who had been represented by two pro bono attorneys from a New York law firm and a local attorney recruited for the sole purpose of allowing the out-of-state attorneys to be admitted pro hac vice. *Id.* at 918–19. While Maples' state post-conviction petition was pending, the two New York attorneys left their law firm for positions that rendered them ineligible to continue to represent him. *Id.* at 919, 924. Neither attorney, however, notified Maples of his departure and resulting inability to represent Maples. *Id.* at 919. Nor did either of them ask the state trial court for leave to withdraw or move for substitution of counsel. *Id.* Without the assistance of his listed attorneys of record, Maples did not receive timely notice of the denial of his state post-conviction petition and, as a result, failed to timely appeal that ruling, which led to the procedural default of his claims in federal court. *Id.* at 920–21.

In its discussion in <u>Maples</u>, the Supreme Court reaffirmed the general rule that, "under well-settled principles of agency law," a petitioner "bears the risk of negligent conduct on the part of his [attorney]" and, for that reason, is ordinarily bound by counsel's failure to meet a filing deadline. *Id.* at 922 (quotation marks omitted). The Court held, however, that "[a] markedly different situation is presented . . . when an attorney abandons his client without notice" and thereby "sever[s] the principal-agent relationship," at which point counsel's "acts or omissions . . . cannot fairly be attributed to the client." *Id.* at 922–23 (quotation marks and brackets omitted). The Court concluded that counsel had abandoned Maples because, as a matter of both common sense and agency law principles, he was effectively "left without any functioning attorney of record" and had "been reduced to pro se status." *Id.* at 927.

In the recent decision of <u>Cadet v. Fla. Dep't of Corr.</u>, — F.3d —, 2014 WL 341050 (11th Cir. Jan. 31, 2014), the Eleventh Circuit considered <u>Holland</u> and <u>Maples</u>, in determining the test for equitable tolling of the AEDPA's statute of limitations period, where a petitioner alleges the late filing was caused by his attorney's conduct. The Eleventh Circuit held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship, such as may have occurred in <u>Holland</u>, is required." <u>Cadet</u>, 2014 WL 341050, at *8 (footnote omitted).

Unlike the circumstances in <u>Holland</u>, the allegations in this case do not suggest attorney abandonment. Petitioner contends Mr. Davis unduly delayed in filing the Rule 3.850 motion (which was the only post-conviction application he was retained to file), but Petitioner's allegations fail to show that the scope of Davis' representation, and the timing and content of Petitioner's communications with Davis were similar to the circumstances alleged in <u>Holland</u>, or that they otherwise indicate attorney abandonment, which, according to <u>Cadet</u>, is necessary to satisfy the "extraordinary circumstance" element of the equitable tolling standard. Further, Petitioner's allegations are insufficient to show he exercised reasonable diligence in pursuing his rights. Therefore, he failed to demonstrate that extraordinary circumstances caused the late filing of his federal habeas petition.

Petitioner additionally argues he is entitled to review of his claims under the rule of <u>Martinez</u> <u>v. Ryan</u>, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (doc. 16 at 4–7). In <u>Martinez</u>, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. However, the Eleventh Circuit recently determined that the reasoning of the <u>Martinez</u> rule does not apply to the AEDPA's limitations period in § 2254 cases or any potential tolling of that period. *See* <u>Arthur v. Thomas</u>, — F.3d —, 2014 WL 30707, at *18 (11th Cir. Jan. 6, 2014). Therefore, <u>Martinez</u> affords Petitioner no relief from the federal time bar.

Petitioner does not argue he is entitled to review of his claims through any other recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

## III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (doc. 10) be **GRANTED**.

2.      That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of February 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).